UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH COOK,

               Plaintiff,

-against-

SULLIVAN COUNTY FAMILY COURT OF NEW YORK STATE UNIFIED COURT SYSTEM; JUDITH YATES, CHIEF CLERK; AN ANTHONY MCGINTY, FAMILY COURT JUDGE; HANNAH PRALL, SUPPORT MAGISTRATE,

               Defendants.

24-CV-03874 (PMH)

**ORDER OF DISMISSAL**

PHILIP M. HALPERN, United States District Judge:

Plaintiff, a resident of Florida, brings this action, *pro se*, for which the fees have been paid, seeking declaratory and injunctive relief in connection with her ongoing Sullivan County Family Court proceedings.[1] She titles her submission "Petition for Declaratory Judgment of Rights, Nullification of Orders, Disqualification of Judge, Return of Stolen Property, and Damages" and names as Defendants the Sullivan County Family Court; Justice Anthony McGinty, the presiding family court judge; Sullivan County Chief Clerk, Judith Yates; and Support Magistrate, Hannah Prall. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir.

---

[1] In Plaintiff's petition, she refers to her minor child with his full name and date of birth, in violation of Rule 5.2 of the Federal Rules of Civil Procedure, which prohibits the use in court submissions of a minor's full name and anyone's date of birth. Accordingly, the Court has restricted electronic access to the complaint.

1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action concerns an ongoing custody dispute between Plaintiff and her ex-husband. The following facts are taken from the complaint. In a judgment of divorce, dated December 21, 2018, Plaintiff was awarded primary custody of her son. On December 19, 2022, she petitioned for modification of the custody agreement, and Defendant Hon. Anthony McGinty was assigned to the case. Plaintiff sought modification of the custody agreement because she planned to move to Florida with her son. During the pendency of the action, Judge McGinty ordered Plaintiff's son to remain in New York and temporarily awarded Plaintiff's ex-husband primary custody. In September of 2023, Judge McGinty presided over an in-person trial in which Plaintiff did not attend,[2] and on September 8, 2023, Judge McGinty "entered a Custody Modification Order in Default." (ECF 1, at 5.) Plaintiff moved to vacate the order, but on October 23, 2023, Judge McGinty denied the motion.

On January 15, 2024, Plaintiff moved to disqualify Judge McGinty, and two days later, she filed an order to show cause for an emergency petition for custody modification. On February 17,

---

[2] Plaintiff states that she did not attend in person because she did not have counsel to represent her and did not intend to appear *pro se*.

2024, Defendant Support Magistrate Hannah Prall granted Plaintiff's ex-husband monthly child support payments, pursuant to the September 8, 2023 child custody modification order. At a conference held on April 24, 2024, where Plaintiff requested visitation with her son, Judge McGinty "refused to answer the request, stating that these matters will be considered at the trial that he set for July 24 and July 25, 2024." (*Id.* at 6.)

Plaintiff seeks a declaration that Defendants violated Plaintiff's Sixth Amendment rights to a speedy trial and to legal counsel, her Fourteenth Amendment rights to due process, and her rights under Title VII of the Civil Rights Act, by discriminating against her because of her sex. She also seeks a declaration that the custody modification order and the order of child support are both void. Further, Plaintiff seeks a declaration that Judge McGinty should be disqualified from Plaintiff's case. Finally, Plaintiff seeks money damages.

## DISCUSSION

### A.    42 U.S.C. § 1983

Because Plaintiff asserts that Defendants violated her constitutional rights, her claims arise under 42 U.S.C. § 1983. To state a claim under Section 1983, Plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor."[3] *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

---

[3] Although the Court dismisses this action as frivolous, the Court notes that the Sixth Amendment right to a speedy trial and to legal representation applies only in the criminal context. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]"); *Gideon v. Wainwright*, 372 U.S. 335, 440 (1963) (Under the Sixth Amendment, "counsel must be provided for defendants unable to employ counsel[.]"). Moreover, Title VII provides that "[i]t shall be an unlawful *employment* practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a) (emphasis added).

### B. Claims Against Sullivan County Family Court

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Eleventh Amendment precludes Plaintiff's claims under Section 1983 against Sullivan County Family Court. Accordingly, the Court dismisses all of Plaintiff's claims brought under Section 1983 against this defendant under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it sua sponte because it affects our subject matter jurisdiction.").

### C. Claims Against Judge McGinty and Support Magistrate Prall

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial

4

immunity." *Id.*. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Finally, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Rather, where an appeal is available, declaratory relief also is available. *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Finally, where a plaintiff seeks injunctive relief, the plaintiff must seek to remedy a harm that is prospective. *See, e.g.*, *Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against judge in part because plaintiff "does not seek to remedy a harm that is truly prospective, [and plaintiff] does show any entitlement to declaratory relief" based on the judge's past conduct).

Plaintiff fails to allege any facts showing that Judge McGinty or Support Magistrate Prall acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues these judges for "acts arising out of, or related to, individual cases before [them]," they both are immune from suit for such claims. *Bliven*, 579 F.3d

5

at 210. Moreover, Plaintiff alleges no facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable. Rather, Plaintiff alleges facts showing that she disagrees with the assigned judges' decisions. As the proper remedy for such a disagreement is an appeal, Plaintiff cannot seek injunctive relief against Judge McGinty and Support Magistrate Prall. Accordingly, the Court dismisses the claims brought against Judge McGinty and Support Magistrate Prall under the doctrine of judicial immunity, and consequently, as frivolous. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011).

### D.     Claims Against Chief Clerk Yates

Similarly, Plaintiff's claims against Chief Clerk Yates must be dismissed as frivolous on immunity grounds. Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see, e.g.*, *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Clerk's Office activities of filing and docketing legal documents" are an "integral part of the judicial process" and are generally entitled to absolute immunity). Plaintiff's claims against Chief Clerk Yates, concerning conduct related to Plaintiff's family court are therefore dismissed under the doctrine of judicial immunity, and consequently, as frivolous. *See Mills*, 645 F.3d at 177.

### E.     Leave to Replead Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint is dismissed under the doctrine of sovereign immunity for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and under the doctrine of judicial immunity as frivolous.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

**SO ORDERED.**

Dated:   White Plains, New York
         June 18, 2024

PHILIP M. HALPERN
United States District Judge